IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CAMERON WILLIAMS, | |
| Plaintiff, | 4:22CV3071 |
| vs. | |
| SCOTT FRAKES, BRAD HANSEN, CHRISTOPHER CONNELLY, SCOTT BUSSBOOM, MATILDA SERNA, ATHENA SHERMAN, SUSAN TALENT, NICHOLAS NEUJARTH, JUSTIN HOUSEMAN, MICHELLE CAPPS, TODD HAUSSLER, CHELSEA DE LA CRUZ, DIANE SABATKA-RINE, JOHN DOES 1-5, and BARB LEWIEN, | MEMORANDUM AND ORDER |
| Defendants. | |

    This matter is before the Court pursuant Defendant Barb Lewien's ("Lewien") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Filing No. 168. This is an action for deprivation of civil rights under 42 U.S.C. § 1983 by a prisoner incarcerated in the Nebraska penal system.

    The plaintiff alleges that the defendants placed him in danger and denied him medical treatment in connection with an assault by a fellow prisoner, Jonathan Armendariz, who is alleged to have murdered Williams's brother. He alleges the defendants were deliberately indifferent to credible threats of violence against him, failed to protect him from a known risk, and denied him appropriate medical treatment in violation of his Constitutional rights to be free from cruel and unusual punishment, due process, and equal protection of the laws. At the time of the events at issue, Williams was incarcerated at Tecumseh State Correctional Institute (TSCI) and the Nebraska State

1

Penitentiary (NSP). He alleges that he was harmed when the Nebraska Department of Correctional Services (NDCS) transferred Armendariz to TSCI and failed to transfer Williams out of TSCI. Plaintiff also alleges that he was harmed when Armendariz was transferred into his housing unit at TSCI, where Williams preemptively assaulted Armendariz and was later placed in isolation. Further, he alleges the defendants failed to protect him from an assault and stabbing by several inmates who were associates of Armendariz at the NSP on September 22, 2018. He also alleges he was denied proper medical care after the assaults. *See* Filing No. 82, Amended Complaint.

**STANDARD OF REVIEW**

"To survive a motion to dismiss, a complaint must allege sufficient facts to state a facially plausible claim for relief." *Ingram v. Arkansas Dep't of Correction*, 91 F.4th 924, 927 (8th Cir. 2024) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "'To determine whether a complaint states a facially plausible claim, we accept the factual allegations in the complaint as true and draw all reasonable inferences in the nonmovant's favor.'" *Id.* (quoting *Cook v. George's, Inc.*, 952 F.3d 935, 938 (8th Cir. 2020)). "'The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* (quoting *Ashcroft*, 556 U.S. at 678) (alterations in original).

**DISCUSSION**

Defendant, Lewien, files this motion alleging that she is not a party of interest in this lawsuit. Lewien is identified as the current Warden of Omaha Correctional Center and is also sued in her official capacity. Defendant argues that Lewien was not, at any relevant time, a warden or officer at any of the institutions wherein the plaintiff was jailed. Further, Lewien contends that there are no specific allegations against her. Lewien is

2

mentioned in the caption, in the prayer for relief, and once by name when the parties were identified. Further, Plaintiff has not responded to this motion.

The Court has carefully reviewed the motion and argument by the defendant. The Court determines that there is no cause of action stated in the complaint or amended complaint against defendant Lewien. Accordingly, the Court will dismiss her from this lawsuit.

THEREFORE, IT IS ORDERED THAT defendant's motion to dismiss, Filing No. 168, is granted. Defendant Barb Lewien is dismissed from this lawsuit.

Dated this 6th day of May, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge